UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLUEWATER NETWORK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:08-cv-00841 |
| DIRK KEMPTHORNE, in his official ) | |
| capacity as Secretary of the Interior ) | |
| 1849 C Street NW ) | |
| Washington, DC 20240, and ) | |
| ) | |
| and ) | |
| ) | |
| MARY BOMAR, in her official ) | |
| capacity as Director of the ) | |
| National Park Service, ) | |
| Department of the Interior ) | |
| 1849 C Street, N.W. ) | |
| Washington, D.C. 20240, ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

  DEFENDANTS, DIRK KEMPTHORNE, in his official capacity as Secretary of the Department of the Interior, and MARY BOMAR, in her official capacity as Director of the National Park Service for the Department of the Interior (collectively "Defendants"), by and through the undersigned counsel, hereby assert defenses to Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"), and answer each numbered paragraph as follows:

1. Paragraph 1 contains Plaintiffs' characterization of its lawsuit to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

2. Paragraph 2 contains a legal conclusion regarding jurisdiction to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

3. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, deny the allegations contained in this paragraph.

4. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, deny the allegations contained in this paragraph.

5. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 and, therefore, deny the allegations contained in this paragraph.

6. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, deny the allegations contained in this paragraph.

7. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 7 and, therefore, deny the allegations contained in this paragraph.

8. Defendants admit that Defendant Dirk Kempthorne is the current Secretary of the

Department of the Interior. The remaining allegations contained in this paragraph regarding the Defendant's authority are vague and ambiguous, particularly with respect to the term "ultimately." Due to the vagueness and ambiguity of the remaining allegations, Defendants are unable to form a belief as to the truth of these allegations and, therefore, deny them.

9.      Defendants admit that Mary Bomar is the current Director of the National Park Service. The remaining allegations contained in this paragraph regarding the Defendant's responsibility as Director of the National Park Service are vague and ambiguous, particularly with respect to the term "directly" and "control." Due to the vagueness and ambiguity of the remaining allegations, Defendants are unable to form a belief as to the truth of these allegations and, therefore, deny them.

**A.      Statutory and Regulatory Framework**

    **1.      The National Park Service Organic Act**

10.     The allegations contained in this paragraph refer to the National Park Service Organic Act, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the plain meaning of this statute.

11.     Defendants admit the allegations contained in the first sentence of this paragraph. The remaining allegations in this paragraph refer to the National Park Service Management Policies, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to the plain meaning of its Management Policies.

    **2.      The National Environmental Policy Act (NEPA)**

12.     The allegations contained in this paragraph refer to the National Environmental Policy Act (NEPA) and the Council of Environmental Quality (CEQ) regulations, which speak

for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to the plain meaning of the referenced statute or regulations.

13. The allegations contained in this paragraph refer to CEQ regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to the plain meaning of these regulations.

14. The allegations contained in this paragraph refer to CEQ regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to the plain meaning of these regulations.

15. The allegations contained in this paragraph refer to CEQ regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to the plain meaning of these regulations.

16. The allegations contained in this paragraph refer to CEQ regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to the plain meaning of these regulations.

17. The allegations contained in this paragraph refer to CEQ regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to the plain meaning of these regulations.

18. Defendants admit that Jetskis or Personal Watercraft (PWC) are referred to by a variety of names, but the remaining allegations contained in the first sentence of this paragraph are vague and ambiguous, particularly with respect to the allegation that personal watercraft (PWC) are "designed for speed and maneuverability." Due to the vagueness and ambiguity of the remaining allegations, Defendants are unable to form a belief as to the truth of these

allegations and, therefore, deny them. Defendants admit that some PWCs are capable of speeds above 60 miles per hour, but the remaining allegations in the second sentence contain Plaintiffs characterization of Jetski use to which no response is required. To the extent that a response is required, Defendants deny these allegations.

19. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph or the basis for the allegations asserted and, therefore, they are denied.

20. Defendants deny the allegations contained in the first sentence of this paragraph. Defendants further deny the allegations contained in the second sentence of this paragraph are occurring in the two park areas – the Gulf Islands National Seashore and Pictured Rocks National Lakeshore – involved in this lawsuit.

21. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in the first sentence of this paragraph and, therefore deny them. Defendants acknowledge that PWCs create noise, but have addressed this issue by regulating PWC use in the two park areas at issue in this lawsuit.

22. The allegations contained in the first sentence of this paragraph are vague and ambiguous, particularly the term "quite" and, therefore, Defendants are unable to form a belief as to the truth of these allegations and, on that basis, deny them. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, these allegations are denied.

23. Due to the vagueness and ambiguity of the terms "highly" and "normal," Defendants are unable to form a belief as to the truth of the allegations contained in the first and

second sentences of this paragraph and, on that basis, deny them. The allegations contained in the third sentence of this paragraph reference information and statistics provided by the United States Environmental Protection Agency, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to the plain meaning of this information. Furthermore, without a citation to the information provided by the United States Environmental Protection Agency and relied upon in this paragraph, Defendants are unable to form a belief as to the truth of these allegations and, on that basis, these allegations also are denied.

24. Due to the vagueness and ambiguity of the allegations contained in this paragraph, particularly the terms "large" and "1998 passenger car," Defendants are unable to form a belief as to their truthfulness and, therefore, they are denied.

25. Defendants admit that Bluewater submitted a request for rulemaking in 1998. The remaining allegations contained in the first sentence of this paragraph reference the written request for a rulemaking, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the plain meaning of the referenced document. Defendants deny the second sentence of this paragraph. The allegations contained in the third sentence of this paragraph refer to a proposed rule that was published in the Federal Register, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the plain meaning of the referenced document.

26. Defendants admit that a Final Rule was published in the Federal Register. The remaining allegations contained in this paragraph refer to the Final Rule and Federal Register notice, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to the plain meaning of the referenced documents.

27.     The allegations contained in this paragraph refer to the Final Rule, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the plain meaning of the referenced document.

28.     Defendants admit that a lawsuit was filed challenging the National Park Service's Final Rule. The remaining allegations contained in the first sentence of this paragraph contain characterizations of the reasons for the aforementioned lawsuit, to which no response is required. To the extent a response is required, Defendants are without sufficient information or knowledge to form a belief as to these allegations and, therefore, they are denied. The remaining allegations contained in this paragraph refer to a settlement document, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the plain meaning of the referenced document.

29.     Defendants admit that a number of national parks decided for various reasons not to pursue rulemaking to authorize jetski use. The allegation contained in the second sentence of this paragraph is vague and ambiguous, particularly with respect to the term "this determination," and, therefore, Defendants are unable to form a belief as to the truthfulness of the allegations in this sentence and deny them. The allegations contained in the third sentence of this paragraph refer to an unidentified Park Service document, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the plain meaning of the referenced document.

30.     Defendants admit that upon the expiration of the grace period the general regulation was effective, if action was taken to permit jetski use. Defendants admit that the general regulation went into effect for the Pictured Rocks National Lakeshore in or about April

2002.

   31. The allegations contained in this paragraph are vague and ambiguous, particularly with respect to the term "general findings" and "adverse impacts," and, therefore, Defendants are unable to form a belief as to the truthfulness of the allegations in this sentence and deny them. With respect to the allegation that jetski use has been permitted at Gulf Islands National Seashore and Pictured Rocks National Lakeshore, Defendants admit that jetski use has been authorized in compliance with APA requirements for notice and comment rulemaking, and NEPA and CEQ regulations.

   32. The allegations contained in this paragraph reference the National Park Service's proposed regulations, draft environmental assessment, and public comments, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to the plain meaning of the referenced documents.

   33. The allegations contained in this paragraph reference the National Park Service's Finding of No Significant Impact (FONSI), regulation, and public comments, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to the plain meaning of the referenced documents.

   34. The allegations contained in this paragraph reference the National Park Service's FONSI, Final Rule, public comments, regulations and the National Park Service Organic Act, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to the plain meaning of the referenced documents.

   35. The allegations contained in the first and second sentences are characterizations of a letter written by Plaintiffs, which speaks for itself and is the best evidence of its contents.

Defendants deny any allegations contrary to the plain meaning of the referenced letter. Defendants deny that allegations contained in the third sentence of this paragraph.

36. The allegations contained in this paragraph are characterizations of a letter written by Plaintiffs, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the plain meaning of the referenced letter.

37. Defendants admit the allegations contained in this paragraph.

38. Defendants deny the allegations contained in this paragraph.

39. Defendants deny the allegations contained in this paragraph.

40. The allegations contained in this paragraph are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

41. Defendants deny the allegations contained in this paragraph.

42. Defendants deny the allegations contained in this paragraph.

43. The allegations contained in this paragraph are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

44. Defendants deny the allegations contained in this paragraph.

45. The allegations contained in this paragraph are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

**PRAYER FOR RELIEF**

The remainder of the Complaint contains Plaintiffs' prayer for relief, to which no response is required. To the extent that a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

**ALL CLAIMS**

Federal Defendants deny any allegations contained in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified. To the extent that any allegations contained in the Complaint remain unanswered, Federal Defendants deny such allegations.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs fail to state a claim on which relief can be granted.

2. There is no waiver of sovereign immunity for Plaintiffs' Third Claim for Relief, except to the extent that Plaintiffs may allege that Defendants' alleged failure to abide by the Settlement Agreement was arbitrary and capricious on contrary to law, pursuant to the Administrative Procedure Act.

3. Plaintiffs assert claims that are barred, in whole or in part, by the Statute of Limitations, laches, equitable estoppel, and other equitable defenses.

WHEREFORE, Defendants ask the Court to deny all relief sought by Plaintiffs; to grant judgment to Federal Defendants; and to grant Federal Defendants any other appropriate relief.

Respectfully submitted this 25th day of July, 2008,

        RONALD J. TENPAS
        Assistant Attorney General
        Environment & Natural Resources Division

        /s/ Barry A. Weiner
        BARRY A. WEINER
        Trial Attorney
        Natural Resources Section
        Environment & Natural Resources Division
        U.S. Department of Justice
        P.O. Box 663
        Washington, D.C. 20044-0663
        Telephone: (202) 305-0469
        Facsimile: (202) 305-0274
        Email: Barry.Weiner@usdoj.gov

Of Counsel:

Michael Tiernan
United States Department of the Interior
1849 C Street, N.W., Mail Stop 6545
Washington, D.C. 20240
Tel: (202) 208-6555
Fax: (202) 208-3877

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 25th day of July 2008, a copy of the **DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic case filing (ECF) system.

Howard M. Crystal
Eric R. Glitzenstein
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20009
Tel: (202) 588-5206
Fax: (202) 588-5049
Email: hcrystal@meyerglitz.com
   eric@meyerglitz.com
Counsel for Plaintiffs
[via Notices of Electronic Filing generated by CM/ECF]


        /s/ Barry A. Weiner
        BARRY A. WEINER