UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Bluewater Network, et al. | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) No. 08-841 (GK) |
| v. | ) |
| | ) |
| Dirk Kempthorne, et al. | ) |
| | ) |
|    Defendants. | ) |

**RULE 16.3(d) REPORT**

Pursuant to the Court's July 28, 2008 Order and Local Rule 16.3, the parties represent that they have conferred on the matters set forth in the Local Rule, and they submit the following Joint Report to the Court:

Plaintiffs' Complaint alleges that the National Park Service ("NPS") has violated the Park Service Organic Act, 16 U.S.C. § 1, as amended, the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, et seq., the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and a 2001 Settlement Agreement with plaintiffs by reintroducing personal watercraft into two National Park units where they had been banned – Gulf Islands National Seashore and Pictured Rocks National Lakeshore – based on inadequate Environmental Assessments that fail to consider the site-specific impacts associated with these machines, or the agency's prior conclusions regarding whether they are appropriate in these areas.

The Federal Defendants submit that they fully complied with NEPA and the APA in promulgating rules that permit the use of personal watercraft in Gulf Islands National Seashore and Pictured Rocks National Seashore. In accordance with the National Park Service's March 21, 2000 regulation, personal watercraft use may be permitted in park units after the Park Service has performed the requisite environmental analysis. See 65 Fed. Reg. 15077, 15078

(March 21, 2000). In this case, the Park Service completed an environmental assessment ("EA") of the potential impacts of personal watercraft use in these two national parks and authorized such use in compliance with the March 21, 2000 regulation and existing law.

With regard to the specific items set forth in Local Rule 16.3, the parties state as follows:

1.  The parties agree that this case is likely to be resolved on cross-motions for summary judgment once defendants have produced the relevant Administrative Record(s) ("AR").

2.  The parties do not intend to amend the pleadings.

3.  The parties do not believe this case should be assigned to a magistrate.

4.  The parties do not believe there is a reasonably prospect of settling the claims.

5.  Counsel have discussed the ADR options with their clients, and the parties agree that the case would not benefit from the Court's ADR program at this time.

6.  The parties agree that this action will likely be resolved on cross-motions for summary judgment. They also agree that, before briefing commences, the federal defendants should produce to plaintiffs the AR related to plaintiffs' claims. Defendants anticipates that the Record(s) can be produced within 60 days.

Based on that Record production date, the parties propose the following summary judgment briefing schedule:

| | | |
|---|---|---|
| October 17, 2008 | – | Defendants produce the AR to the plaintiffs and the Court |
| November 14, 2008 | – | Deadline to either resolve any AR issues, or to inform the Court as to how the parties propose to resolve any AR issues that may remain |
| December 19, 2009 | – | Plaintiffs file for Summary Judgment |

| | | |
|---|---|---|
| January 23, 2009 | – | Defendants file a combined Opposition to Plaintiffs' Motion and a Cross Motion for Summary Judgment |
| February 13, 2009 | – | Plaintiffs file an Opposition to Defendants' Motion and Reply in Support of their Motion |
| March 6, 2009 | – | Defendants file a Reply in Support of their Cross Motion |

Plaintiffs respectfully request that the Court schedule oral argument on the summary judgment motions as soon as practicable after briefing is concluded.

7. The parties agree to dispense with initial disclosures, and the Federal Defendants agree to produce the AR for the agency action in dispute. Plaintiffs reserve the right to object to the completeness and accuracy of this production if necessary.

8. Plaintiffs do not presently anticipate that there will be discovery. Defendants believe that discovery is unavailable in this action because Plaintiffs' claims must be reviewed on the basis of the Administrative Record.

9. The parties do not presently anticipate the need for an exchange of expert witness reports.

10-13. The parties agree that these items are not applicable at this time. A proposed Scheduling Order is attached.

Respectfully submitted,

_____/s/_____
Howard M. Crystal (D.C. Bar No. 446189)
Eric R. Glitzenstein (D.C. Bar No. 358287)
Meyer Glitzenstein & Crystal
1601 Connecticut Ave., N.W., Suite 700
Washington, D.C 20009
(202) 588-5206

Attorneys for Plaintiffs


RONALD J. TENPAS
Assistant Attorney General

/s/ Barry A. Weiner
BARRY A. WEINER
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0469
Fax: (202) 305-0274

Attorneys for Defendants

August 14, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Bluewater Network, et al. )<br>)<br>plaintiffs, )<br>)<br>v. )<br>)<br>Dirk Kempthorne, et al. )<br>)<br>defendants. ) | No.  08-841 (GK) |

**SCHEDULING ORDER [PROPOSED]**

Pursuant to the parties' meet and confer report, and the entire record herein, it is hereby

Ordered that this case shall proceed on the following schedule:

October 14, 2008    –    Defendants produce the ARs to the plaintiffs and the Court

November 14, 2008    –    Parties shall either resolve any AR issues, or inform the Court as to how the parties propose to resolve any AR issues that may remain

December 19, 2009    –    Plaintiffs shall file for Summary Judgment

January 23, 2009    –    Defendants shall file a combined Opposition to Plaintiffs' Motion and a Cross Motion for Summary Judgment

February 13, 2009    –    Plaintiffs shall file an Opposition to Defendants' Motion and Reply in Support of their Motion

March 6, 2009    –    Defendants shall file a Reply in Support of their Cross Motion

The Court will hear oral argument on the cross-motions for summary judgment on

_____.

_____
U.S. District Court Judge