UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BLUEWATER NETWORK,** *et al.*, : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v.   : | Civil Action No. 08-841 (GK) |
| : | |
| **DIRK KEMPTHORNE,** *et al.*, : | |
| : | |
| **Defendants.** : | |

### MEMORANDUM ORDER

Pursuant to Fed. R. Civ. P. 24, the Personal Watercraft Industry Association, American Watercraft Association, and individuals Carmen Perry, Richard Chenoweth, Michael Soder, and William Mason ("Proposed Defendant-Intervenors"), have moved to intervene in this litigation on the side of the Federal Defendants Secretary of the Interior and Director of the National Park Service. Plaintiffs' Complaint alleges that the National Park Service ("NPS") has violated the Park Service Organic Act, 16 U.S.C. § 1, as amended, the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, *et seq.*, the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the 2001 Settlement Agreement between Plaintiffs and Defendants entered in Bluewater Network v. Stanton, No. 00-2093 (GK) on April 11, 2001.

1.     Plaintiffs do not oppose the Motion to Intervene.[1] They do request that the Court limit the intervenors "to the extent the Intervenors' interests are not adequately represented by the Federal Defendants." Pl.'s Proposed Order. The Court is convinced that Plaintiffs' request is not feasible in this litigation. First, it is clear that many of the claims overlap. Second, it is doubtful that "inadequate representation" by the Government of the Intervenors' interests could easily be decided

---

[1] The Federal Defendants have not responded in any fashion to the Motion to Intervene.

on an issue-by-issue basis. Most significantly, intervenors ordinarily assume the status of full participants in a lawsuit and are treated as if they were original parties. District of Columbia v. Merit Systems Protection Board, 762 F.2d 129, 132 (D.C. Cir. 1985).

This does not mean that, as litigation progresses, appropriate and meaningful restraints cannot be placed upon Intervenors' participation. However, it is simply premature to do that at this point. Therefore, it is hereby

**ORDERED**, that the Motion to Intervene is **granted**.

2.   The original parties to this lawsuit submitted, pursuant to the Court's July 28, 2008 Order and LCvR 16.3, their report as to how the case should proceed for purposes of scheduling. The proposed schedule that they have submitted is reasonable and appropriate. Therefore, it is hereby

**ORDERED**, that this case shall proceed on the following schedule:

| | |
|---|---|
| October 14, 2008 -- | Defendants shall produce the Administrative Record to the plaintiffs and the Court; |
| November 14, 2008 -- | Parties shall either resolve any Administrative Record issues, or inform the Court as to how the parties propose to resolve any such issues that may remain; |
| December 19, 2008 -- | Plaintiffs shall file for Summary Judgment; |
| January 23, 2009 -- | Defendants and Intervenors shall each file a combined Opposition to Plaintiffs' Motion and a Cross Motion for Summary Judgment; |
| February 13, 2009 -- | Plaintiffs shall file an Opposition to Defendants' and Intervenors' Motions and a Reply in Support of their Motion; |
| March 6, 2009 -- | Defendants and Intervenors shall each file a Reply in Support of their Cross Motions. |

Defendants and Intervenors shall not file duplicative and repetitive pleadings.

3. Every pleading shall indicate, immediately below the Civil Action No. in the caption, **the next-scheduled Court deadline**, such as a status conference, or pretrial conference, or trial date. Pleadings that do not contain such information will be, *sua sponte*, stricken from the record.

4. Every pleading signed by an attorney shall, in conformity with Local Civil Rule 5.1(e), contain the name, address, **telephone number**, fax number, and bar identification number of the attorney.

5. Any motion that does not comply with Local Civil Rule 7.1(c) and/or (m) will be, *sua sponte*, denied.

6. Any pending dispositive motions will be automatically denied as moot when and if the Complaint upon which they are based is superseded by an Amended Complaint. Parties shall not reference, rely on, or incorporate such denied motions in any subsequent dispositive motions file in response to an Amended Complaint.

7. Every motion for continuance shall indicate **whether it is opposed or not, the date a pleadings is due, the date requested for the continuance**, whether previous continuances have been granted, and whether the extension will impact any other court dates. Failure to provide such information will result in denial of the motion.

8. Motions for reconsideration are greatly disfavored and should not exceed 10 pages in length. Motions in excess of these page limits will be struck, *sua sponte*. Oppositions may not exceed 10 pages in length; replies may not exceed 5 pages. The Court assumes that counsel have made their best and most convincing arguments in their first round of briefing, and presumes that motions for reconsideration are simply a repetition and reframing of those original arguments. "Only

if the moving party presents <u>new facts</u> or a <u>clear error of law</u> which 'compel' a change in the Court's ruling will the motion to reconsider be granted." <u>New York v. United States</u>, 880 F. Supp. 37, 38 (D.D.C. 1995) (emphasis added).

    9.    It is hereby **ORDERED**, that the Initial Scheduling Conference set for August 28, 2008 at 10:00 a.m. is **cancelled**.[2]


August 19, 2008                        /s/
                                        Gladys Kessler
                                        United States District Judge

**Copies via ECF to all counsel of record**

---

[2] If parties have any need, after the issuance of this Order, for a Status Conference, they need only contact the Court's Courtroom Clerk and she will schedule it.