William P. Horn (DC Bar No. 375666)
James H. Lister (DC Bar No. 447878)
Birch Horton Bittner & Cherot, PC
1155 Connecticut Ave. NW, Suite 1200
Washington, DC  20036
Telephone:  (202) 659-5800
Facsimile:  (202) 659-1027

*Attorneys for Applicant Defendant Intervenors*
*Personal Watercraft Industry Association,*
*American Watercraft Association,*
*Carmen Perry, Richard Chenoweth,*
*Michael Soder and William Manson*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLUEWATER NETWORK, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:08-cv-00841-GK |
| DIRK KEMPTHORNE, et al., | ) |
| Defendants, | ) |
| and | ) **ANSWER OF APPLICANT** |
| | ) **DEFENDANT INTERVENORS** |
| PERSONAL WATERCRAFT INDUSTRY ASSOCIATION | ) **THE PERSONAL WATERCRAFT INDUSTRY ASSOCIATION,** |
| 444 North Capitol Street, NW, Suite 645 | ) **AMERICAN WATERCRAFT** |
| Washington, D.C.  20001 | ) **ASSOCIATION, CARMEN PERRY,** |
| | ) **RICHARD CHENOWETH,** |
| AMERICAN WATERCRAFT ASSOCIATION | ) **MICHAEL SODER, AND** |
| 45915 Maris Road, Suite 124 | ) **WILLIAM MANSON** |
| Sterling, VA  20166 | ) |
| CARMEN PERRY, an individual, | ) |
| Perry's Yamaha Center | ) |
| 2010 Telephone Road | ) |
| Pascagoula, MS  39567-3350 | ) |
| RICHARD CHENOWETH, an individual, | ) |
| P.O. Box 2158 | ) |
| Pascagoula, MS  39569-2158 | ) |

```
MICHAEL SODER, an individual,              )
      Fish and Hunt Shop                   )
      W17148 Main Street                   )
      Curtis, MI  49820                    )
                                           )
WILLIAM MANSON, an individual,             )
      4336 Plainfield Avenue               )
      Suite F                              )
      Grand Rapids, MI  49525              )
                                           )
      Applicant Defendant Intervenors.     )
_____    )
```

### ANSWER OF APPLICANT DEFENDANT INTERVENORS THE PERSONAL WATERCRAFT INDUSTRY ASSOCIATION, AMERICAN WATERCRAFT ASSOCIATION, CARMEN PERRY, RICHARD CHENOWETH, MICHAEL SODER, AND WILLIAM MANSON

Applicant Defendant Intervenors the Personal Watercraft Industry Association ("PWIA"), American Watercraft Association ("AWA"), and individuals Carmen Perry, Richard Chenoweth, Michael Soder, and William Manson (collectively, "Applicant Intervenors"), by and through counsel hereby submit this Answer to the Complaint for Declaratory and Injunctive Relief filed by Plaintiffs Bluewater Network, Friends of the Earth, The Wilderness Society, and Robert Goodman (collectively, "Plaintiffs") on May 15, 2008. Unless specifically stated otherwise, the numbered paragraphs in Applicant Intervenors' Answer correspond to the numbered paragraphs in Plaintiff's Complaint. To the extent an allegation by Plaintiffs is unanswered, Applicant Intervenors deny each such allegation.

1.      Plaintiffs' ¶ 1 contains Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. To the extent a response is required, Applicant Intervenors deny the allegations in ¶ 1.

2.      Plaintiffs' ¶ 2 contains a legal conclusion regarding jurisdiction to which no response is required.

3. Applicant Intervenors have insufficient information to either deny or admit the allegations characterizing Plaintiff Bluewater Network in ¶ 3 and therefore deny those allegations except that Applicant Intervenors admit that Bluewater Network is a plaintiff in this case.

4. Applicant Intervenors have insufficient information to either deny or admit the allegations characterizing Bluewater Network members contained in ¶ 4 and therefore deny those allegations. The allegations contained in the last sentence of ¶ 4 are specifically denied.

5. Applicant Intervenors have insufficient information to either deny or admit the allegations characterizing Plaintiff The Wilderness Society in the first three sentences of ¶ 5 and therefore deny those allegations except to admit that The Wilderness Society is a plaintiff in this case. The allegations in the last sentence of ¶ 5 are specifically denied.

6. Applicant Intervenors have insufficient information to either admit or deny the allegations in ¶ 6 and therefore deny those allegations.

7. Applicant Intervenors have insufficient information to either admit or deny the allegations in ¶ 7 and therefore deny those allegations.

8. Applicant Intervenors admit the allegations in ¶ 8.

9. Applicant Intervenors admit the allegations in ¶ 9.

10. The allegations in Plaintiffs' ¶ 10 constitute legal conclusions to which no response is required. Paragraph 10 also contains characterizations of the 1916 Park Service Organic Act which speak for themselves.

11. The allegations in Plaintiffs' ¶ 11 constitute legal conclusions to which no response is required. Paragraph 11 also contains characterizations of National Park Service ("NPS") Management Policies that speak for themselves.

12. The allegations in Plaintiffs' ¶ 12 constitute legal conclusions to which no response is required. Paragraph 12 also contains characterizations of the National Environmental Policy Act ("NEPA") which speak for themselves.

13. The allegations in Plaintiffs' ¶ 13 constitute legal conclusions to which no response is required. Paragraph 13 also contains characterizations of regulations promulgated by the Council on Environmental Quality ("CEQ") that speak for themselves.

14. The allegations in Plaintiffs' ¶ 14 constitute legal conclusions to which no response is required. Paragraph 14 also contains characterizations of regulations promulgated by the Council on Environmental Quality ("CEQ") that speak for themselves.

15. The allegations in Plaintiffs' ¶ 15 constitute legal conclusions to which no response is required. Paragraph 15 also contains characterizations of regulations promulgated by the Council on Environmental Quality ("CEQ") that speak for themselves.

16. The allegations in Plaintiffs' ¶ 16 constitute legal conclusions to which no response is required. Paragraph 16 also contains characterizations of regulations promulgated by the Council on Environmental Quality ("CEQ") that speak for themselves.

17. The allegations in Plaintiffs' ¶ 17 constitute legal conclusions to which no response is required. Paragraph 17 also contains characterizations of regulations promulgated by the Council on Environmental Quality ("CEQ") that speak for themselves.

18. The allegations in ¶ 18 are admitted in part and denied in part. Personal watercraft ("PWC") are small watercraft with a variety of attributes that include ease of operation, comfort for riders, safety, reduced air emissions, and reduced sound. Over 98 percent of current model PWC sales are two or three person "sit-down" designs. There are many PWC models, some of which are designed for low purchase price and low costs of operation and others

for speed and maneuverability. A limited number of models may be able to reach 60 miles per hour, but most are designed to operate at much lower speeds. Most PWC are used for family recreation including sightseeing and access to shoreside restaurants, marinas, docks, other attractions, islands, and sandbars. Some users may engage in the activities depicted in the second sentence of ¶ 18.

19. The allegations in ¶ 19 are admitted in part and denied in part. The allegations of the first sentence are admitted. Regarding the remainder of ¶ 19, PWC presently account for approximately 10 percent of domestic boat sales, not one-third as alleged by Plaintiffs. The allegation in the first part of sentence three is admitted. However, the most recent statistics indicate that there are approximately 1.1 million PWC within the U.S., not "more than 1.5 million" as alleged by Plaintiffs.

20. Applicant Intervenors deny the allegations in the first sentence of ¶ 20. PWC use within national park units is carefully regulated by NPS to ensure that significant adverse impacts do not occur. The allegations in the second sentence are also denied.

21. Applicant Intervenors deny all allegations in ¶ 21. In fact, modern PWC are 70 percent quieter than the 1998 models. Studies in New Jersey and Utah indicate that PWC are quieter than commonly used outboard motorboats.

22. Applicant Intervenors deny all allegations in ¶ 22. Contrary to Plaintiffs' erroneous allegations, U.S. Coast Guard data show that 26 percent of boating related injuries can be attributed to in some way to PWC use − not 40 percent.

23. Applicant Intervenors deny all allegations in ¶ 23. Since implementation of stringent Environmental Protection Agency ("EPA") emission standards and California Air Resources Board ("CARB") requirements, PWC exhaust emissions have been reduced 90

percent and fuel efficiency improved 30-40 percent. Significant unburned gasoline discharge was a feature of older 2-stroke engines – such as those on virtually all outboard engines since the 1920s and PWC until the late 1990s. In present EPA and CARB compliant PWC models, hydrocarbon emissions, including unburned fuel, are reduced 90 percent. PWC hydrocarbon emissions account for only 0.3 percent of total hydrocarbon source emissions in the U.S. and that amount is decreasing steadily as older PWC are retired.

24. Applicant Intervenors deny all allegations in ¶ 24.

25. The allegation in the first sentence of ¶ 25 is admitted. The allegations in the second and third sentences characterize a Proposed Regulation that speaks for itself.

26. The allegations in ¶ 26 characterize an NPS Final Rule and Federal Register notice that speak for themselves.

27. The allegations in ¶ 27 characterize an NPS regulation that speaks for itself.

28. The allegations in ¶ 28 characterize documents that speak for themselves.

29. The allegations in ¶ 29 characterize NPS documents that speak for themselves.

30. The allegations in ¶ 30 characterize NPS decisions that speak for themselves.

31. Applicant Intervenors deny all allegations contained in ¶ 31.

32. Applicant Intervenors have insufficient knowledge to either admit or deny the first sentence of ¶ 32. The second sentence purports to characterize comments submitted to NPS that speak for themselves.

33. The allegations in the first sentence of ¶ 33 characterize comments submitted to NPS that speak for themselves. In the second sentence, Applicant Intervenors admit that NPS issued a FONSI and a Final Regulation opening portions of the Gulf Islands to PWC but deny that NPS did not adequately address commenters' concerns.

34. The first sentence of ¶ 34 characterizes NPS actions that speak for themselves. Applicant Intervenors deny the second sentence.

35. The allegations in ¶ 35 characterize Plaintiffs' December 2007 letter to NPS, which speaks for itself. Applicant Intervenors deny the last sentence.

36. The allegations in ¶ 26 characterize Plaintiffs' December 2007 letter to NPS, which speaks for itself.

37. Applicant Intervenors admit the allegations in ¶ 27.

38. Applicant Intervenors deny all allegations and claims in ¶ 38.

39. Applicant Intervenors deny all allegations and claims in ¶ 39.

40. Applicant Intervenors deny all allegations and claims in ¶ 40.

41. Applicant Intervenors deny all allegations and claims in ¶ 41.

42. Applicant Intervenors deny all allegations and claims in ¶ 42.

43. Applicant Intervenors deny all allegations and claims in ¶ 43.

44. Applicant Intervenors deny all allegations and claims in ¶ 44.

45. Applicant Intervenors deny all allegations and claims in ¶ 45.

## PRAYER FOR RELIEF

No response is required to Plaintiff's prayer for relief in ¶¶ 1, 2, 3, and 4. To the extent that a response is required, Applicant Intervenors deny that Plaintiffs are entitled to the relief the request.

Dated: July 18, 2008.

                        Respectfully submitted,

                        Personal Watercraft Industry Association
                        American Watercraft Association
                        Carmen Perry
                        Richard Chenoweth
                        Michael Soder
                        William Manson,

                        *By their attorney*

                        _____
                        William P. Horn (D.C. Bar No. 375666)
                        James H. Lister (D.C. Bar. No. 447878)
                        Birch, Horton, Bittner & Cherot
                        1155 Connecticut Avenue, N.W., Suite 1200
                        Washington, DC  20036
                        Telephone: (202) 659-5800
                        Facsimile: (202) 659-1027
                        whorn@dc.bhb.com
                        jlister@dc.bhb.com